THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Appellant, *v.* LONDON MUTUAL FIRE INSURANCE COMPANY OF CANADA, Respondent.

THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Appellant, *v.* WELLINGTON MUTUAL FIRE INSURANCE COMPANY, Respondent.

First Department, December 13, 1918.

Pleading — action upon contract of reinsurance — answer of general denial — subsequent abandonment of contract by mutual consent not within issues — amendment of answer — laches.

Where a complaint is founded upon the making of a contract of reinsurance which the evidence establishes to have been made, and the answer of the defendants is simply a general denial of all of the allegations of the complaint, save failure to pay the amount of plaintiff's claim when demanded, evidence of a subsequent abandonment of the contract by mutual consent is inadmissible.

A general denial like the general issue under the former practice puts in issue the existence at any time of the cause of action alleged in the complaint and admits evidence tending to establish such defense; but if a cause of action has once accrued or existed and has been satisfied or defeated by something which has accrued subsequently, that is new matter which must be pleaded in order to be proved.

The defendants having had their application for leave to amend granted subject only to the settlement of the terms to be imposed, and having elected to proceed with the trial with knowledge of the objection and defect claimed to exist in their pleadings, and having contested the existence of the contract sued upon, they should not be allowed to amend their answer by claiming a subsequent abandonment of the contract.

APPEAL in each case by the plaintiff, The Globe and Rutgers Fire Insurance Company, from judgments of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 10th day of December, 1915, and the 7th day of January, 1916, respectively, upon the report of a referee appointed to hear and determine the issues.

*Robert Kelly Prentice,* for the appellant.

*Harold G. Aron* of counsel [*Bruce Ellison* with him on the brief; *Aron & Vanderveer* and *MacIntyre & Davis*, attorneys], for the respondents.

DOWLING, J.:

This action is brought to recover upon a contract of reinsurance claimed to have been made with the plaintiff on the 30th day of October, 1905, covering plaintiff's contract of insurance of the risk of Heller & Co., doing business at Nos. 836–838 Broadway, in the city of New York, in the sum of $1,500 by the Wellington Mutual Fire Insurance Company, and the sum of $1,000 by the London Mutual Fire Insurance Company of Canada. Both these contacts of reinsurance were evidenced by a single memorandum. The learned referee has found in favor of the plaintiff upon the issue of the making of the contract in question, and we think that his conclusion is supported by the testimony. But he has found in favor of the defendants upon the theory that the contract of reinsurance, which he denominates a temporary contract, was abandoned by mutual consent. It is unnecessary to discuss the testimony upon which his finding was based, for the reason that we think the issue upon which he has decided this case in favor of the defendants was not properly raised by the pleadings, and the evidence to support the same was entirely inadmissible. Proper objections and exceptions were taken by plaintiff's counsel which directly raised this point, and we deem the acceptance of the testimony to have been erroneous and the conclusions based thereupon to be without force.

The complaint herein was founded upon the making of the contract of reinsurance which the referee has found to have been made. The answer of the defendants in each case was simply a general denial of all the allegations of the complaint, save failure to pay the amount of plaintiff's claim when demanded. It will be seen that this defense proceeds upon the theory solely that no such contract ever was made as plaintiff set forth. But the theory of the defense which the referee allowed to be supported by proof, and found to be justified by his decision, is that such a contract as plaintiff claimed did in fact exist, but at some subsequent period was abandoned, canceled or rendered ineffective and inoperative by agreement of the parties. But it is well settled that a general denial, like the general issue under the former practice, puts in issue the existence at any time of the cause of action

alleged in the complaint and admits evidence tending to establish such defense; but if a cause of action has once accrued or existed and has been satisfied or defeated by something which has accrued subsequently, that is new matter which must be pleaded in order to be proved.   (Bailey Code Pl. [2d ed.] 367; Abb. Tr. Br. Pl. [2d ed.] 1372, 1376, 1383.)   And so it was held in this court in *Fischer* v. *Metropolitan Life Insurance Co.* (37 App. Div. 575; affd., 167 N. Y. 178): " Under the Code of Procedure it has been settled for many years that whenever it is necessary for the defendant, by way of defense, to show any fact which, starting with the proposition that there has been a valid contract between parties, operates to defend a claim under it by establishing a subsequent performance or a subsequent forfeiture of it, such performance or forfeiture is an affirmative defense and must be affirmatively set out before it can be proved."

Nor do we think that the defendants should be given an opportunity of moving anew to amend their answers so as to enable them to present this alleged defense.   At the opening of the trial before the referee, he granted the defendants' motions for leave to amend their answers and the question of terms was argued.   Memoranda were accepted and the hearing adjourned.   Upon the adjourned day the referee announced that he had been notified that the defendants intended to withdraw their motions for leave to amend and, therefore, he would not announce the terms which he had intended to impose.   The ground for withdrawing the motion, as assigned by defendants' counsel, was that since the last hearing defendants had succeeded in locating a witness, which made the amendment of the answers unnecessary.   Having had their application for leave to amend granted, subject only to the settlement of the terms to be imposed as a condition therefor, and having elected to proceed with the trial of the action with knowledge of the objection and defect claimed to exist in their pleadings, and having contested most vigorously the existence of any such contract as plaintiff sued upon (which the referee, however, found had been made), it seems to me too late now to allow the defendants, after having speculated in this way upon their chances of success in defeating the proof of the existence of such a contract, to come in and,

admitting its existence, seek to destroy its effect by a claim of some subsequent abandonment of the contract. The defendants had their day in court with the fullest opportunity of establishing their defense upon any theory that they chose to include in their answers as amended, and I am of the opinion that they should be given no further opportunity of seeking to amend.

It follows, therefore, that for this error assigned the judgments appealed from cannot be permitted to stand.

The 13th and 17th findings of fact, and the 1st, 3d and 5th conclusions of law are reversed.

Moreover, we think that the referee should have found the plaintiff's 3d conclusion of law in the form in which it was submitted and without modification, and the said conclusion of law should be restored to its original form as proposed by the plaintiff. And this for the reason that the contract as established by the proof was more than a mere binding slip which was only to be effective until a policy could be delivered, but was a complete and full contract between the parties without limitations of any kind and with the risk covered by a written memorandum. The 2d conclusion of law as found by the referee should also be reversed. Plaintiff was further entitled to have his 17th finding of fact found as requested.

The judgments appealed from will, therefore, be reversed, with costs to appellant in each case, and as, with the changes in the findings indicated, all the requisite facts are before the court, judgment is directed in favor of the plaintiff in each case, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Judgments reversed, with costs, and judgments directed in favor of plaintiff, with costs. Orders to be settled on notice.